| | |
|---|---|
| APRIL SMITH ) | |
| ) | |
| ) | |
| ) | **COMPLAINT** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. _5:12-cv-00202-RLV-DSC_____ |
| ) | JURY DEMAND |
| **JASON MUNDAY,** in his individual and ) | |
| Official capacities as an Employee of the ) | |
| City of Lincolnton, ) | |
| **CHARLES MCGINLEY,** in his individual ) | |
| and Official capacities as an Employee ) | |
| of the City of Lincolnton, ) | |
| **BRIAN GREENE,** in his individual and ) | |
| Official capacities as an Employee of ) | |
| the City of Lincolnton, ) | |
| **MARK LESASSIER,** in his individual ) | |
| and Official capacities as an Employee ) | |
| of the City of Lincolnton, ) | |
| **RODNEY JORDAN ,** in his individual ) | |
| and Official capacities as an Employee ) | |
| of the City of Lincolnton, ) | |
| **CITY OF LINCOLNTON,** ) | |
| **LINCOLNTON POLICE DEPARTMENT ,** ) | |
| **JOHN AND JANE DOE, and** ) | |
| **RUFUS LYNCH, SR.** ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

Come the Plaintiff and for cause of action would state as follows:

**I. INTRODUCTION**

This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983; under the North Carolina tort liability statutes; and under North Carolina law for intentional and/or negligent infliction of emotional distress, negligence, negligent supervision, gross negligence, assault, battery, false imprisonment, and false arrest.

While the individual Defendants were acting in the scope of their employment and under color of state law, they arrested and/or caused to the Plaintiff to be arrested and imprisoned. The Defendants' actions caused injury to the Plaintiff.

This action is also brought against the City of Lincolnton and/or Lincoln Police Department for its failure to properly train and supervise the individual Defendants in the proper manner to established reasonable suspicion and/or probable cause to arrest, and its establishment of policies, procedures, practices, and customs regarding arrests that result in the false arrest and/or imprisonment.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343, and 1367, 42 U.S.C §§ 1983, 1985, and 1988 and venue is properly set in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. On information and belief, it is alleged that each of the named Defendants resides in this judicial district.

4. Plaintiff resides in this judicial district.

## III. PARTIES

### A. Plaintiff

5. The Plaintiff, APRIL SMITH, is a citizen of the United States and resident of Lincoln County, North Carolina.

### B. Defendants

6. The Defendant, JASON MUNDAY, on information and belief, is a citizen of the United States and resident of Lincoln County, North Carolina, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Lincolnton Police Department and/or City of Lincolnton, North Carolina and was acting under color of state law. Jason Munday is sued in his individual and official capacity as an officer of the Lincolnton Police Department and/or City of Lincolnton. Jason Munday is a person within the meaning of 42 U.S.C § 1983.

7. The Defendant, CHARLES MCGINLEY, on information and belief, is a citizen of the United States and resident of Lincoln County, North Carolina, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Lincolnton Police Department and/or City of Lincolnton, North Carolina and was acting under color of state law. Charles McGinley is sued in his individual and official capacity as an officer of the Lincolnton Police Department and/or City of Lincolnton. Charles McGinley is a person within the meaning of 42 U.S.C § 1983.

8. The Defendant, BRIAN GREENE, on information and belief, is a citizen of the United States and resident of Lincoln County, North Carolina, and was at all times

material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Lincolnton Police Department and/or City of Lincolnton, North Carolina and was acting under color of state law.   Brian Green is sued in his individual and official capacity as an officer of the Lincolnton Police Department and/or City of Lincolnton.  Brian Green is a person within the meaning of 42 U.S.C § 1983.

       9.      The Defendant, MARK LESASSIER, on information and belief, is a citizen of the United States and resident of Lincoln County, North Carolina, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Lincolnton Police Department and/or City of Lincolnton, North Carolina and was acting under color of state law.   Mark Lesassier is sued in his individual and official capacity as an officer of the Lincolnton Police Department and/or City of Lincolnton.  Mark Lesassier is a person within the meaning of 42 U.S.C § 1983.

       10.      The Defendant, RODNEY JORDAN, upon information and belief, is a citizen of the United States and resident of Lincoln County, North Carolina, and was at all times material to the allegations in this Complaint, employed as the Chief of Police by the Lincolnton Police Department and/or City of Lincolnton in Lincoln County, North Carolina, and is responsible for the supervision and training of the Defendants.  Defendant Jordan, as the Chief of the Lincolnton Police Department is further, responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of Lincolnton, North Carolina regarding arrests.  Rodney Jordan is sued in his individual and official capacity as an officer of the Lincolnton Police Department and/or City of Lincolnton.  Rodney Jordan is a person within the meaning of 42 U.S.C § 1983.

11. The Defendant, CITY OF LINCOLNTON, is a political subdivision of the State of North Carolina, for which Defendants serve as police officers, and Jordan serves as Chief of Police. The City of Lincolnton is the political subdivision of the State of North Carolina responsible for the training and supervision of Defendants, and Jordan. City of Lincolnton has established or delegated to Defendant Jordan the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by City of Lincolnton and/or Lincoln Police Department regarding arrests.

12. The Defendant, Lincolnton Police Department, is an agency of the City of Lincolnton and employs the Defendants.

13. At all time pertinent to this action, Defendants John and Jane Doe were sworn officers, and/or an informant of the Lincolnton Police Department and/or Lincoln County Sheriff's department. Defendant's John and Jane is a designation intended to include and refer to all Other Unidentified Officers of the Lincolnton Police Department and/or Lincoln County Sheriff's Department who participated in the arrest, imprisonment, investigation and prosecution of plaintiff and took actions violating plaintiff's constitutional and common law rights, resulting in injury to plaintiff. Defendants John and Jane Doe are persons within the meaning of 42 U.S.C § 1983 and are sued in their individual and official capacity as an officer of the Lincolnton Police Department and/or Lincoln County Sheriff's Department. Plaintiff is unable to identify Defendants John and Jane Doe; nevertheless, upon information and belief, Defendants John and Jane Doe are readily identifiable to the other Defendants, and through discovery, plaintiff will supplement this complaint to provide Defendant's John and Jane Doe's name in full.

14. The Defendant, Rufus Lynch, Sr**.**, upon information and belief, is a citizen of the United States and resident of Lincoln County, North Carolina, and was at all times material to the allegations in this Complaint, employed by the Lincolnton Police Department in Lincoln County, North Carolina, as an informant. Rufus Lynch is sued in his individual and official capacity as an informant of the Lincolnton Police Department. Rufus Lynch, Sr. is a person within the meaning of 42 U.S.C § 1983.

15. In any event described below, and at all times relevant to this action, the individual defendants acted individually and in concert and conspired with one another to achieve the common purpose of depriving plaintiff of her constitutional and civil rights, and acted overtly in furtherance of that purpose. Accordingly, each individual defendant and the Lincolnton Police Department, City of Lincoln, and Lincoln Sheriff's Department is and should be held responsible and liable for the acts of the other Defendants, which resulted in serious injury to plaintiff. Unless otherwise specified, "defendants" as used throughout this Complaint shall mean and refer to one or more of the named defendants, or other officers, employees or agents of the City of Lincolnton, and/or Lincolnton Police Department acting individually, and/or in the course and scope of their authority and responsibility.

## IV. FACTS

16. On March 10, 2009, Defendants Munday and McGinley conducted an undercover controlled substance purchase, using an undercover informant, from two individuals located at 728 East Pine Street, Lincolnton, North Carolina.

17. This controlled buy was videotaped.

18. Defendant Rufus Lynch informed Defendant's Munday and McGinley that during this operation April Smith sold him a controlled substance.

19. Defendant Rufus Lynch did not describe April Smith or give Defendant's any identifying information.

20. Sometime thereafter, Defendants determined that Plaintiff was the female individual who sold the undercover informant a controlled substance.

21. The Plaintiff is a Black female.

22. Upon information and belief, the female in the video recording is a white female.

23. On December 20, 2009, Defendants requested and caused an Arrest Warrant to be issued for the Plaintiff.

24. On December 22, 2009, Defendants arrested and/or caused Plaintiff to arrested, strip searched, and imprisoned in the custody of the Lincoln County jail for approximately 80 days.

25. That Defendants did not have reasonable suspicion that Plaintiff had committed a crime.

26. That the Defendants did not have probable cause to arrest Plaintiff.

27. On or about June 6, 2010, the Lincoln County District Attorney's Office filed a dismissal of the criminal charges noting, that the ". . .officer is not sure of the identity . . ." of Plaintiff.

28. At no time during the above-mentioned period of the undercover operation was Plaintiff ever positively identified.

29. That Plaintiff was not involved in any drug transaction on or about March 2009.

30. That Plaintiff was employed at the time of her arrest and lost that job due to her arrest and imprisonment.

31. That Plaintiff was not in the city of Lincolnton on or about March 10, 2009.

32. That Defendants had no adequate training regarding the probable cause to arrest.

33. Defendants Jordan and the City of Lincolnton's failure to promulgate and implement such procedures, policies, or customs caused the perpetuation of procedures, policies or customs leading directly to the claims made in this complaint.

34. Each of the Defendants, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Plaintiff of her rights to freedom from illegal searches and seizure of her person, papers, and effects and her right to freedom from unlawful arrest, detention, and imprisonment. All of these rights are secured to Plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §§ 1983 and 1988.

35. The Defendants, Jordan and the City of Lincolnton, failed to adequately supervise the Defendants.

36. At the time of the incidents alleged herein and before, Plaintiff was emotionally and physically healthy, active, and fully capable of engaging in normal day-to-day activities. Since the time of her arrest and detention, Plaintiff's ability to perform and enjoy her usual activities, including family and work-related activities, has been

impaired. In addition, the Plaintiff has suffered severe emotional distress and mental anguish affecting her psychological well-being.

37. As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff sustained severe mental and physical pain and suffering and injury in an amount that will be established at trial.

38. Plaintiff is entitled to compensation for the constitutional harms that Defendant's inflicted upon her, including personal injury, lost wages, and loss of liberty.

## V. CAUSES OF ACTION

### COUNT I

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(General Allegations)**

39. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1-38 of this Complaint.

40. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; and d) the right to be free from false arrest.

41. In violating Plaintiff' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an illegal arrest of Plaintiff.

42. As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

43. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### COUNT II

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(Failure to Implement Appropriate Policies, Customs and Practices)**

44. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1-43 of this Complaint.

45. Defendant Jordan, in his capacity as Chief of Police of the Lincolnton Police Department in Lincoln County, North Carolina, and the Defendant, City of Lincolnton, implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Lincolnton Police Department to arrest individuals without probable cause.

46. The failure of the Chief of Police, Jordan, and the City of Lincolnton to adequately train and supervise the Defendants Munday and McGinley amounts to deliberate indifference to the rights of the Plaintiff to be free from violations of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

47. As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiff suffered personal injuries is entitled to relief under 42 U.S.C. §1983.

48. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights

including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; and c) the right not to be deprived of property without due process of law.

### COUNT III

### Violation of Civil Rights Pursuant to 42 U.S.C. §1983
### (False Arrest)

49. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1-48 of this Complaint.

50. In committing the acts complained of herein, Defendants Munday and McGinley acted under color of state law by falsely arresting and detaining the Plaintiff, and/or causing the arrest and detention, with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, the Defendants violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

51. As a direct and proximate result of the violation of her constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

### COUNT IV

### (False Imprisonment)

52. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1-51 of this Complaint.

53. Plaintiff aver that the Defendants breached a duty of care owed to Plaintiff, so as not to deprive them of their personal liberty, by intentionally restraining or detaining Plaintiff without just cause.

54. Plaintiff aver that the Defendants, without probable cause, wrongfully and unlawfully detained and restrained the Plaintiff against her will through use of force for a period of approximately 80 days.

55. At no time during the detainment did Plaintiff resist or attempt to resist the Defendants, but was fully cooperating with the orders of the Defendants.

56. Plaintiff aver that the Defendants are liable to her for false imprisonment.

57. As a direct and proximate result of the false imprisonment by the Defendants, Plaintiff suffered serious personal injuries, lost wages, and emotional distress.

## COUNT V

### (Negligence)

58. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1-57 of this Complaint.

59. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

60. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

## COUNT VI

### (Negligent Supervision)

61. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1-60 of this Complaint.

62. Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned incidents.

63. Defendants Chief Jordan and City of Lincolnton, North Carolina negligently supervised Defendants by failing to provide proper training and outline proper procedure in making arrest.

64. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT VII

### (Assault)

65. Plaintiff reallege and incorporate herein by reference the allegations set forth in paragraphs 1-64 of this Complaint.

66. Plaintiff aver that the actions of the Defendants breached a duty of care owed to Plaintiff to not assault her or cause her physical harm or injury, except to the extent allowed by law.

67. Plaintiff aver that the Defendants knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiff, assaulted her by arresting her and/or causing her to be arrested.

68. As a direct and proximate result of the acts of the Defendants, Plaintiff suffered both physical and mental injuries and is entitled to relief.

69. Upon information and belief, Defendants have waived sovereign or governmental immunity through the purchase of one or more polices of liability insurance

pursuant to N.C. Gen. Stat. § 153A-435, by purchasing a bond pursuant to N.C. Gen Stat. §162-8, and by participating in a local government risk pool pursuant to N.C. Gen. Stat. § 58-23-5.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, the above premises considered, Plaintiff demand:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law;

2. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein, in their individual capacity and official capacity as Employees of the City of Lincolnton;

3. That Plaintiff be awarded those damages to which it may appear they are entitled by the proof submitted in this cause for their physical and mental pain and suffering, both past and future; lost wages; permanent injury and disability; loss of enjoyment of life; and medical and psychological expenses, both past and future;

4. That Plaintiff recover from Defendants, jointly and severally, compensatory damages in an amount in excess of $100,000.00;

5. That Plaintiff be awarded punitive damages against the Defendants;

6. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c);

7. That the Plaintiff receive any other further and general relief to which it may appear they are entitled;

8. A jury for the trial of this matter.

This the 7th day of January 2014.

Respectfully submitted,

/s/ Algernon Williams, Sr.
Algernon Williams, Sr.,
4801 East Independence Blvd.,
Suite 308
Charlotte, NC 28212
(704) 537-9111

Attorney for Plaintiff