IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO.: 5:12-cv-202-RLV-DSC

| | |
|---|---|
| APRIL SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v ) | ORDER |
| ) | |
| JASON MUNDAY, in his individual and official ) | |
| capacities as an employee of the City of Lincolnton, ) | |
| CHARLES MCGINLEY, in his in his individual and official ) | |
| capacities as an employee of the City of Lincolnton, ) | |
| BRIAN GREEN, in his individual and official ) | |
| Capacities as an employee of the City of Lincolnton, ) | |
| MARK LESASSIER, in his individual and official ) | |
| Capacities as an employee of the City of Lincolnton, ) | |
| RODNEY JORDAN, in his individual and official ) | |
| Capacities as an employee of the City of Lincolnton, ) | |
| CITY OF LINCOLNTON, LINCOLNTON POLICE ) | |
| DEPARTMENT, and JOHN and JANE DOES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court upon Defendant Mark Lesassier's Motion to Dismiss for Improper Service of Process, filed on February 21, 2014. (Doc. 17.) Plaintiff April Smith has filed no response.

Plaintiff attempted to serve Lesassier in March of 2013, by certified mail, return receipt requested, at the address for the Lincolnton Police Department, 627 East Main Street, Lincolnton, NC 28092. (Doc. 8-1 at pgs. 4, 7.) At the direction of this Court's order to show cause (doc. 6), Plaintiff filed the return receipts as proof of service. (Doc. 8.) The return receipt for Lesassier is signed as received by Johnny Baker ("Baker"), but does not list a date of delivery. (Doc. 8-1 at 4.) Further, the return receipt provides a signature line for the recipient

where Baker has signed, but neither of the options next to the signature line, "Agent" or "Addressee," are marked in anyway. (*Id.*)

"An elementary and fundamental requirement of due process in any proceeding . . . is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, (1950) (citations omitted). Under Rule 4 of the Federal Rules of Civil Procedure, service is valid if conducted consistent with the state law in which the district court is located. Fed. R. Civ. P. 4(e)(1). In North Carolina, a party is allowed to serve another party by sending the summons and complaint by certified mail, return receipt requested, addressed to the party to be served, and delivered to the addressee. N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c). Valid service can be achieved by delivery to the addressee's dwelling place or workplace. *Moore v. Cox*, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004)(citing *Waller v. Butkovich*, 584 F. Supp. 909, 926 (M.D.N.C. 1984)). However, valid service by delivery to a defendant's workplace must be accepted by the defendant or an individual authorized to do so on behalf of the defendant. *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003)(listing cases in support). Finally, the Fourth Circuit has provided a general rule where there is actual notice of an action but the technical requirements of service are in question:

> To the extent that there is any rule or guide to be followed by the federal courts in such a case it is that where actual notice of the commencement of the action and the duty to defend has been received by the one served, the provisions of Rule 4(d)(1) should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits.

*Karlsson v. Rabinowitz,* 318 F.2d 666, 668 (4th Cir. 1963)(citations omitted). In *Karlsson*, service was attempted at the defendant's prior residence in Maryland, where the defendant's family was still residing. *Id.* With a family move impending, the defendant had moved ahead to

Arizona with no intent to return to Maryland. *Id.* The Fourth Circuit noted that, regardless of the technical deficiency in service, the defendant was "promptly notified" of service of process and appeared to quash return of service. *Id.* at n.2. The Court held that, under the particular facts presented, service of process was sufficient. *Id.* at 669.

Here, Lesassier was not an employee of the Lincolnton Police Department and did not even know Baker, much less authorize Baker to accept service on his behalf. (Doc. 18-1 at ¶¶ 6, 16-17). Therefore, the technical requirements for valid service of process under North Carolina Rule of Civil Procedure 4(j)(1)(c) were not met in this case as to Lesassier. However, Lesassier was provided actual notice of the attempted service of process. Lesassier does not state the exact date that Defendant Rodney Jordan hand delivered the certified mail to him, but it seems that it was a short time after the Baker signed for the mail.[1] Physically delivering the summons and the complaint to a defendant is a permissible form of service under North Carolina Rule of Civil Procedure 4(j)(1)(a). Rule 4(j)(1)(a) contains no prohibition against effecting service through a third party's physical delivery of the summons and complaint. Although this was not Plaintiff's intended manner of service, the conclusion that service was sufficient by physical delivery is supported by the Fourth Circuit's rule of liberal construction of the requirements of service to "insure the opportunity for a trial on the merits." *Karlsson*, 318 F.2d at 668 (4th Cir. 1963).

---

[1] "Some unspecified time after Johnny Baker signed for the certified mail with my name on it, Defendant Jordan or some other member of the Lincolnton Police Department informed me that they had a piece of mail for me. Shortly thereafter, Defendant Jordan physically handed me the certified mail with my name on it." (Doc. 18-1 at 3, ¶ 18.)

**IT IS, THEREFORE, ORDERED** that Defendant Lesassier's Motion to Dismiss for Improper Service of Process is **DENIED.**

Signed: July 2, 2014

Richard L. Voorhees
United States District Judge